UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80428-CV-DIMITROULEAS/MATTHEWMAN

JELENA STOLFAT,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES,
LLC, *et al.*

    Defendants.

_____/



FILED BY \_\_\_\_\_ D.C.

JUN 14 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY [DE 20] AND ORDER TO SHOW CAUSE TO DEFENSE COUNSEL

**THIS CAUSE** is before the Court upon Plaintiff, Jelena Stolfat's ("Plaintiff") "Motion to Disqualify Defendant [sic] Counsels [sic] and Motion to Revoke the Pro Hac Vice Admission of Defendant [sic] Counsel" ("Motion") [DE 20]. This matter was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. *See* DE 21. Defendant, Trans Union LLC's ("Defendant"), has filed a Response to Plaintiff's Motion [DE 25]. No timely reply has been filed. The Court has determined that no hearing is necessary. Therefore, this matter is now ripe for review.

### I.      Plaintiff's Motion

Plaintiff, who is representing herself *pro se* in this matter, is seeking to "revoke Pro Hac Vice and disqualify out-of-state counsel Michael Merar" and "disqualify local counsel Alexandra L. Tifford, Esquire." [DE 20, p. 1]. According to Plaintiff, Mr. Merar contacted her by email on

1

April 29, 2019, May 1, 2019, May 6, 2019, May 8, 2019, and May 9, 2019, but local counsel, Ms. Tifford, did not file a motion to appear *pro hac vice* on behalf of Mr. Merar until late in the day on May 9, 2019. *Id.* at pp. 2-6. Plaintiff asserts that Mr. Merar represented Defendant before moving for *pro hac vice* admission and improperly used "intimidation techniques" with Plaintiff. *Id.* at p. 5. Finally, Plaintiff accuses Ms. Tifford of aiding Mr. Merar in the unauthorized practice of law. *Id.* at p. 6. Plaintiff requests that the Court disqualify both attorneys, revoke Mr. Merar's *pro hac vice* admission in this District, and refer the matter to the Grievance Committee of the Florida Bar. *Id.* at pp. 6-7.

## II. Defendant's Response

In response, Defendant argues that it submitted its motion for Mr. Merar to appear *pro hac vice* a mere nine days after Defendant filed its Answer and Defenses to the Complaint. [DE 25, p. 1]. Defendant contends that the Court lacks jurisdiction over grievances regarding the unauthorized practice of law and also lacks jurisdiction to refer this matter to the Florida Bar. *Id.* at pp. 2-3. Next, Defendant argues that Mr. Merar's conduct in this case at all times complied with Rule 4-5.5 of the Rules Regulating the Florida Bar. *Id.* at pp. 3-4. Defendant also asserts that disqualification is drastic and inappropriate given the facts in this case. *Id.* at pp. 4-5. According to Defendant, there is also no basis to revoke Mr. Merar's *pro hac vice* admission when Mr. Merar has not violated any Rule of Professional Conduct or Local Rule. *Id.* at pp. 6-7. Finally, Defendant maintains that Plaintiff's Motion is procedurally deficient for multiple reasons. *Id.* at pp. 7-8.

Attached to Defendant's Response are the Declaration of Alexandra L. Tifford [DE 25-1] and the Declaration of Michael Merar [DE 25-2].

## III. Plaintiff's Motion is Without Merit

The Court has carefully reviewed the Motion, Response, various attachments, and the

2

entire docket in this case. The relevant facts are as follows.

Alexandra Tifford, Esq., is an attorney at the law firm of Fowler White Burnett in the Miami office. [DE 25-1, ¶ 2]. She is licensed to practice law in the State of Florida, and she is admitted to practice in the Southern District of Florida. *Id.* at ¶3. Michael Merar, Esq. is an attorney at the law firm of Quilling, Selander, Lownds, Winslett & Moser, P.C., in the Plano, Texas office. [DE 25-2, ¶ 2]. He is licensed to practice law in the State of Texas and the State of Georgia, and he is admitted to practice in the United States District Courts for the Northern, Southern Eastern, and Western Districts of Texas, as well as the Northern and Middle Districts of Georgia. *Id.* at ¶ 3.

Mr. Merar first contacted the *pro se* Plaintiff via email on April 29, 2019, and Ms. Tifford submitted the motion for *pro hac vice* admission on May 9, 2019. [DE 25-2, ¶¶ 5-6; DE 25-1, ¶ 7; DE 14]. Before Mr. Merar was admitted to practice in this District *pro hac vice* on May 10, 2019, Ms. Tifford "diligently reviewed, signed, and filed all pleadings entered by Trans Union in this case." [DE 25-1 at ¶ 7; DE 25-1 at ¶ 6; 15]. Defendant's Answer and Affirmative Defenses [DE 12], which was filed before Mr. Merar was admitted *pro hac vice*, is solely signed by Defendant's local counsel, Alexandra Tifford and Christopher Knight.

Based on these facts, there is no evidence of unauthorized practice of law and there are no grounds to disqualify Defendant's counsel or revoke Mr. Merar's *pro hac vice* admission in this District. Plaintiff's Motion is baseless. Neither Mr. Merar nor Ms. Tifford violated the Southern District of Florida Local Rules or the Rules Regulating the Florida Bar. There was simply a short lag of approximately 11 days between Mr. Merar contacting Plaintiff and being admitted *pro hac vice*, during which period of time Defendant's local counsel, who is admitted in this District, filed an Answer and Affirmative Defenses. This does not amount to a rule violation of the unauthorized

3

practice of law.[1] Further, no "intimidation techniques" were utilized by defense counsel as claimed by Plaintiff. In sum, Plaintiff's Motion is due to be denied because it is not supported by the law or the facts.

## IV. Defendant's Response to the Motion Is, in Part, Frivolous

While Plaintiff's Motion is without merit and is due to be denied, the Court finds it necessary to specifically comment on portions of Defendant's Response as well. The Court agrees with Defendant that disqualification and revocation of *pro hac vice* admission are improper here based upon the argument and facts presented by Plaintiff; however, some of the arguments made by Defendant's counsel in Defendant's Response are frankly startling, and are so frivolous and misleading that the Court will take the time to address them here.

First, Defendant argues that this Court "lacks jurisdiction to hear matters regarding the unauthorized practice of law." [DE 25, p. 2]. This is a wholly frivolous argument. This case is in federal court. Under Local Rule 11.1(c),

> The standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating the Florida Bar. For a violation of any of these canons in connection with any matter pending before this Court, an attorney may be subjected to appropriate disciplinary action.

S.D. Fla. L.R. 11.1(c). In other words, the Florida Bar Rules are incorporated into the Local Rules of this Court. Any unlicensed practice of law before this Court can be dealt with by this Court by way of contempt, sanctions, or referral to the Florida Bar and/or to this District's Committee on Attorney Admissions, Peer Review and Attorney Grievance pursuant to Rule 6 of the Southern

---

[1] In fact, in more egregious circumstances, a court in this District retroactively granted *pro hac vice* admission after an attorney who was not admitted to this District filed an Amended Complaint. *Findling v. Bisaria*, No. 12-CV-80118-DMM, 2012 WL 3835079, at *3 (S.D. Fla. Sept. 4, 2012). The court noted that "a district court may use its discretion in determining whether to allow a non-lawyer to appear in court." *Id.*

4

District of Florida Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys. Had Defendant's counsel taken the time to read the Court's Local Rules, they would not have made this frivolous argument.

Second, Defendant's counsel improperly relies on two federal cases in support of its argument that this Court lacks jurisdiction to hear matters regarding the unauthorized practice of law: *In re Losee*, 195 B.R. 785 (M.D. Fla. Bankr. 1996), and *Gonczi v. Countrywide Home Loans, Inc.*, No. 06-61597-CIV-Altonaga/Turnoff, 2007 WL 9700997 (S.D. Fla. Feb. 2, 2007).[2] The *Gonczi* case is not at all on point. While the court did state in *Gonczi* that "only the state bar has the authorization to determine whether conduct constitutes unauthorized practice of law", this statement was in the context of a defendant's motion to dismiss a complaint by a private litigant explicitly alleging the unauthorized practice of law as a cause of action against Defendant. 2007 WL 97000997, at *1. Defendant's citation to case law about the legal validity of a civil claim for the unauthorized practice of law is completely irrelevant to the case at hand. Next, the *Losee* court did state that whether or not an attorney "is guilty of unauthorized practice of law is a question which must be resolved by the Supreme Court of this State upon the recommendation of the Florida Bar and not by this Court." 195 B.R. at 786. However, in the very next sentence, the court stated that "[t]his conclusion should not be interpreted to mean that this Court lacks the power to refer the matter to the Florida Bar for investigation if it appears that a person might have engaged in the unauthorized practice of law before this Court." *Id.* The *Losee* case, therefore, actually contradicts

---

[2] Defendant also cites Florida state cases which are completely irrelevant as they involve whether entities and individuals other than the Florida Bar can "prosecute" claims for the unauthorized practice of law and whether the "Florida Supreme Court's jurisdiction to prevent the unauthorized practice was 'exclusive' vis-à-vis other state courts." *State v. Palmer*, 791 So. 2d 1181, 1185 (Fla. Dist. Ct. App. 2001). Nowhere do these cases state that a federal court has no jurisdiction to determine whether an attorney has engaged in the unauthorized practice of law before a federal court.

5

Defendant's argument made later in its Response [DE 25, p. 3] that this Court lacks jurisdiction to refer this matter to the Florida Bar even if sufficient grounds exist.

Further, and quite important to this Court, Defendant failed to disclose that several federal courts, including courts in this District, have, in fact, made findings regarding an attorney's unauthorized practice of law, contrary to Defendant's citation to *Losee*. *See Principal Life Ins. Co. v. Meyer*, No. 09-20244-CIV, 2010 WL 744578 (S.D. Fla. Mar. 2, 2010) (requiring an attorney to show cause why the court should not refer the attorney's unauthorized practice of law to the State Attorney's Office or take further action); *Shell v. U.S. Dep't of Hous. & Urban Dev.*, No. 08-60589-CIV, 2008 WL 2637431 (S.D. Fla. July 3, 2008) (noting in a footnote that the court can conduct a hearing on a motion for an order to show cause why an attorney should not be sanctioned for the unlicensed practice of law); *Adams v. BellSouth Telecommuncations, Inc.*, No. 96-2473-CIV, 2001 WL 34032759, at *2 (S.D. Fla. Jan. 29, 2001), *dismissed sub nom. Adams v. BellSouth Telecommunications*, 45 F. App'x 876 (11th Cir. 2002) (noting that the United States Magistrate Judge had held a hearing and had found that an attorney had violated the Florida Bar Rules prohibiting the unauthorized practice of law, but imposing no sanctions because none were recommended); *Benjamin v. Airborne Sec. & Prot. Servs., Inc.*, No. 12-61624-CIV, 2012 WL 12886185 (S.D. Fla. Dec. 18, 2012) (noting that an attorney's representation of a corporate party bordered on the unlicensed practice of law); *In re Calzadilla*, 151 B.R. 622 (Bankr. S.D. Fla. 1993) (enjoining two attorneys and their law firm from engaging in the unauthorized practice of law); *In re Bachmann*, 113 B.R. 769 (Bankr. S.D. Fla. 1990) (contemplating holding an attorney in contempt, but instead permanently enjoining and restraining the attorney from engaging in the unauthorized practice of law); *In re Bagdade*, 334 F.3d 568 (7th Cir. 2003) (holding attorney in civil contempt for engaging in the unauthorized practice of law, making false representations to

the court, and testifying falsely under oath). Therefore, Defendant's Response cites a case, *Gonczi*, which had nothing to do with the facts of this case and then cites a bankruptcy case, *Losee*, without advising the Court of additional authority which did not support Defendant's position, and then taking a position, addressed further below, directly rejected by *Losee*.

In this regard, Defendant further improperly argues in its Response to the Motion that this Court lacks jurisdiction to refer this matter to The Florida Bar "even if sufficient grounds existed." [DE 25, p. 3]. This argument is completely frivolous. Courts in this District regularly refer attorney's misconduct to the Florida Bar. *See, e.g., Elam v. Bank of New York Mellon*, 589 B.R. 431, 438 (S.D. Fla. 2018); *Abrams-Jackson v. Avossa*, 282 F. Supp. 3d 1268, 1271 (S.D. Fla. 2017); *Parish-Carter v. Avossa*, No. 9:16-CV-81623, 2017 WL 4355835, at *4 (S.D. Fla. Oct. 2, 2017), *aff'd*, 760 F. App'x 865 (11th Cir. 2019); *Jallali v. USA Funds*, No. 11-62510-CIV, 2013 WL 12080743, at *1 (S.D. Fla. Oct. 30, 2013); *Nardolilli v. Bank of Am. Corp.*, No. 12-81312-CIV, 2013 WL 12154544, at *1 (S.D. Fla. Sept. 24, 2013); *United States v. Coulton*, No. 07-CR-60172-LENARD, 2013 WL 12086298, at *18 (S.D. Fla. Feb. 1, 2013), *report and recommendation adopted*, No. 07-60172-CR, 2013 WL 12086299 (S.D. Fla. May 10, 2013), *aff'd and remanded*, 594 F. App'x 563 (11th Cir. 2014). Just as any client or attorney can file a grievance against an attorney licensed by the Florida Bar, a federal judge, whether a District Judge or a Magistrate Judge, also can refer a matter to the Florida Bar. Moreover, this Court can also refer an attorney to its own Committee on Attorney Admissions, Peer Review and Attorney Grievance pursuant to Rule 6 of the Southern District of Florida Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys. The Court is simply confounded as to why defense counsel chose to make these arguments to this Court.

Due to the improper arguments contained in Defendant's Response [DE 25, pp. 2-3], the

7

Court has had to expend additional scarce judicial resources in resolving this matter. The Response is electronically signed by Alexandra L. Tifford, Esq., on her own behalf and on behalf of Christopher E. Knight, Esq., and Michael Meran, Esq. Accordingly, the Court directs those three counsel to show cause, on or before June 24, 2019, why such frivolous, improper, and misleading argument and citation to case law were presented to this Court, as well as why defense counsel failed to advise the Court of case law which directly contradicts Defendant's untenable argument. Further, defense counsel shall address why sanctions should not be imposed against all such counsel or any of them in light of the arguments made by defense counsel at DE 25, pp. 2-3. Upon receipt of Defendant's counsels' Response, the Court will determine what sanctions, if any, should be imposed against any defense counsel in this case.

Upon careful review of the motions and the entire docket in this case, it is hereby **ORDERED** as follows:

1. Plaintiff's "Motion to Disqualify Defendant [sic] Counsels [sic] and Motion to Revoke the Pro Hac Vice Admission of Defendant [sic] Counsel" ("Motion") [DE 20] is **DENIED**. Mr. Merar and Ms. Tifford, as well as their law firms, are permitted to continue to represent Defendant in this matter at this time.

2. Defendant's counsel, Ms. Tifford, Mr. Knight, and Mr. Meran, shall show cause on or before **June 24, 2019**, why such arguments were made as discussed above and why sanctions should not be imposed upon all or any such counsel due to the improper, inaccurate, and misleading arguments contained in Defendant's Response [DE 25, pp. 2-3].

3. The Clerk of Court is DIRECTED to mail a copy of this Order to Jelena Stolfat, Apt. 103, 265 Courtney Lakes Circle, West Palm Beach, Florida 33401.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of June, 2019.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE