**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

JELENA STOLFAT,

        Plaintiff,

v.                                                Case No.: 9:19-cv-80428-WPD

EQUIFAX INFORMATION SERVICES, LLC,
TRANSUNION, LLC, and EXPERIAN
INFORMATION SOLUTIONS, INC.,

        Defendants.

**DEFENSE COUNSEL'S RESPONSE TO THE
COURT'S JUNE 14, 2019 ORDER TO SHOW CAUSE**

Pro Hac Vice Counsel, Michael A. Merar ("Mr. Merar") of Quilling, Selander, Lownds, Winslett & Moser, P.C., and Local Counsel, Christopher E. Knight ("Mr. Knight") and Alexandra L. Tifford ("Ms. Tifford") of Fowler White Burnet, P.A., (hereinafter collectively referred to as "Defense Counsel") hereby respectfully respond to the Court's June 14, 2019 Order to Show Cause and state as follows:

1. Defense Counsel sincerely apologize to this Court for its unnecessary expenditure of scare judicial resources caused by the Response in Opposition filed on behalf of Defendant Trans Union LLC [D.E. 25, pp. 2-3] to Plaintiff's Motion to Disqualify Defense Counsel [D.E. 20]. Defense Counsel respectfully submit that they did not knowingly or recklessly pursue any frivolous arguments, and therefore, did not engage in the requisite bad faith conduct warranting the imposition of sanctions.

2. The Response in Opposition [D.E. 25] was prepared by Mr. Merar. While Ms.

1

Tifford reviewed the Response, she did not conduct any independent research or make substantive changes. Mr. Knight, who is also Local Counsel of record, was not involved in the preparation or review of the Response.

3. Defense Counsel interpreted the issue presented to the Court to be whether the Florida Supreme Court is the ultimate arbiter of whether an attorney engaged in the unauthorized practice of law in the State of Florida. The Response in Opposition, including the related research, was based on that interpretation. Upon reading this Court's June 14, 2019 Order, Defense Counsel now understand that interpretation was incorrect.

4. Defense Counsel acknowledge and appreciate the way in which the Court has distinguished *Gonczi v. Countrywide Home Loans, Inc.*, No. 06-61597-CIA-ALTONAGA/Turnoff, 2007 WL 9700997 (S.D. Fla. Feb. 2, 2007), and *In re Losee*, 195 B.R. 785 (M.D. Fla. Bankr. 1996), and further acknowledge the interplay and incorporation of the Florida Bar Rules in this Court's Local Rules. Defense Counsel recognize that it was incorrect to argue that this Court did not have jurisdiction to address the allegation regarding the unauthorized practice of law or refer the matter to the Florida Bar. Defense Counsel sincerely apologize for asserting those arguments.

5. Upon finding the *Gonczi* and *Losee* opinions, and the authorities cited therein, Mr. Merar believed that he had found the controlling authority on the unauthorized practice of law issue. Defense Counsel did not knowingly or recklessly fail to cite contrary authority to the Court. While the research was clearly incomplete and deficient, it was not done in bad faith and not done knowingly or recklessly. Such failure was not intended to mislead the Court or to subvert justice.

6. Defense Counsel sincerely apologize for making these arguments and for failing

to cite contrary authority to the Court. While the briefing fell short of this Court's standards and expectations, Defense Counsel will do better and make all efforts to not repeat such mistakes again. Defense Counsel state they have learned from their mistakes, and under the circumstances, sanctions should not be imposed based on the following authority.

7. The Eleventh Circuit has consistently "held that before a court can impose sanctions on an attorney under its inherent powers, it must make a finding of bad faith." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1251 (11th Cir. 2007) (explaining that a court's use of its inherent authority to sanction must be exercised with restraint and predicated on a finding of bad faith); *see* Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1320 (11th Cir. 2002) ("[B]efore a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct 'constituted or was tantamount to bad faith.'" (quoting Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 918 (11th Cir. 1982))); In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995); *see also* Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, (1980) (noting that "[a] specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith ... would have to precede any sanction under the court's inherent powers").

8. Stated differently, the invocation of a court's inherent power requires a finding of bad faith.[1] *See* Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017) ("The key to unlocking a court's inherent power is a finding of bad faith."; "Furthermore, recklessness alone does not constitute conduct tantamount to bad faith."); Amlong, 500 F.3d at 1251 ("[B]efore a court can impose sanctions on an attorney under its inherent powers, it must make a finding of bad faith."); Lee v. Am. Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1331 (S.D.

---

[1] "Bad faith exists when the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." Brown Jordan Int'l, Inc. v. Carmicle, No. 0:14-CV-60629-Rosenberg/Brannon, 2016 WL 815827, at *35 (S.D. Fla. Mar. 2, 2016), *aff'd*, 846 F.3d 1167 (11th Cir. 2017)

3

Fla. 2000) ("A finding that counsels' conduct "constituted or was tantamount to bad faith" must precede any sanction levied pursuant to a court's inherent powers.").

9.  "Negligent conduct alone is insufficient" to warrant sanctions. Oliva v. NBTY, Inc., 583 F. App'x 877, 881 (11th Cir. 2014). *See also* Chavez v. Hagen, No. 15-60816-CIV-Zloch, 2016 WL 6538403, at *1 (S.D. Fla. Mar. 30, 2016) (counsel's response to Order to Show Cause "accepted full responsibility for the delay in transmitting the settlement agreement to the Court and provided a plausible reason why he did not respond to the Court's orders in a timely fashion"); Adams v. Bellsouth Telecomms., Inc., No. 96–2473 CIV, 2000 WL 33941852, at *3 (S.D. Fla. Nov. 20, 2000) (court decided not to impose sanctions against local counsel or her firm where court found that actions of local counsel did not amount to "bad faith" or "egregious conduct"; local counsel's research "was far from comprehensive" and should have included ethical concerns; "To impose sanctions under these circumstances would be to "kill the messenger."), *report and recommendation adopted in part*, 2001 WL 34032759 (S.D. Fla. Jan. 29, 2001), *rev. dismissed*, 45 F.. App'x 876 (11th Cir. 2002).

10. Defense Counsel submit that they have acted in good faith throughout the duration of this case. None of the arguments in the Response in Opposition were raised with any knowledge that they were frivolous or in reckless disregard of their accuracy. In other words, Defense Counsel did not act in bad faith, as required for the imposition of sanctions.

11. Additionally, Defense Counsel have diligently filed all necessary documents and pleadings, and otherwise maintained compliance with all orders and standards of practice in these proceedings.

12. Defense Counsel have never been the subject of court-imposed sanctions or other disciplinary action. Since the entry of the Court's June 14, 2019 Order, Defense Counsel have

again reviewed the Rules Regulating the Florida Bar and this Court's Local Rules.

WHEREFORE, Pro Hac Vice Counsel, Michael A. Merar, and Local Counsel, Christopher E. Knight and Alexandra L. Tifford, respectfully submit that the Court should not impose any sanctions against them for the foregoing reasons.

Respectfully submitted,

s/Christopher E. Knight
Christopher E. Knight
Florida Bar No. 607363
s/Alexandra L. Tifford
Alexandra L. Tifford
Florida Bar No. 178624
Fowler White Burnett, P.A.
Espirito Santo Plaza
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 728-7510
cknight@fowler-white.com
atifford@fowler-white.com

*and*

s/Michael Merar
Michael Merar, *Admitted Pro Hac Vice*
Texas Bar No. 24103878
Georgia Bar No. 966038
Quilling, Selander, Lownds, Winslett & Moser, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
Telephone: (214) 560-5443
Facsimile: (214) 871-2111
mmerar@qslwm.com
**COUNSEL FOR TRANS UNION LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will then send a notification of such to the following counsel of record:

| | |
|---|---|
| Erika Stephanie Whyte<br>ewhyte@jonesday.com<br>Jones Day<br>600 Brickell Avenue, Suite 3300<br>Miami, FL 33131<br>(305) 714-9700<br>(305) 714-9799 Fax<br>***Counsel for Experian Information Solutions, Inc.*** | John Anthony Love<br>tlove@kslaw.com<br>King & Spalding<br>1180 Peachtree St. NE<br>Atlanta, GA 30309<br>(404) 572-4600<br>***Counsel for Equifax Information Services, LLC*** |

I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participants:

Jelena Stolfat
265 Courtney Lakes Drive, Apt. 103
West Palm Beach, FL 33401
(561) 313-1131
***Pro Se Plaintiff***

                                             s/Alexandra L. Tifford
                                             **ALEXANDRA L. TIFFORD**