UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80428-CV-DIMITROULEAS/MATTHEWMAN

JELENA STOLFAT,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES,
LLC, *et al.*

    Defendants.

_____/



FILED BY _____ D.C.

JUN 24 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## <u>ORDER DISCHARGING ORDER TO SHOW CAUSE [DE 32]</u>

**THIS CAUSE** is before the Court upon Defense Counsel's Response to the Court's June 14, 2019 Order to Show Cause ("Response") [DE 36]. The Response was filed by Defendant, Trans Union, LLC's ("Defendant") *pro hac vice* counsel, Michael Merar, and by Defendant's local counsel, Christopher E. Knight and Alexandra L. Tifford (collectively, "Defense Counsel").

### I.    <u>Procedural History</u>

On May 17, 2019, the *pro se* Plaintiff, Jelana Stolfat, filed a "Motion to Disqualify Defendant [sic] Counsels [sic] and Motion to Revoke the Pro Hac Vice Admission of Defendant [sic] Counsel" [DE 20]. On May 31, 2019, Defendant, Trans Union, LLC ("Defendant") filed a Response to Plaintiff's Motion to Disqualify Counsel and Revoke Pro Hac Vice Admission [DE 25]. On June 14, 2019, this Court entered its Order denying the Motion to Disqualify, finding that Plaintiff's motion was meritless and not supported by the law or facts. [DE 32].

However, upon review of Defendant's response to the motion to disqualify, the Court noted

1

that portions of Defendant's response were frivolous, misleading, or improper. Accordingly, on June 14, 2019, the Court entered an Order to Show Cause [DE 32] requiring that Defense Counsel, Alexandra L. Tifford, Esq., Christopher E. Knight, Esq., and Michael Merar, Esq. (admitted *pro hac vice*), show cause on or before June 24, 2019, why they made certain frivolous and improper arguments in Defendant's Response to Plaintiff's Motion to Disqualify Counsel and Revoke Pro Hac Vice Admission [DE 25] and why sanctions should not be imposed upon all or any such counsel due to the improper, inaccurate, and misleading arguments contained in Defendant's Response [DE 25, pp. 2-3]. The Court has carefully reviewed Defense Counsel's Response [DE 36] to this Court's Order to Show Cause [DE 32].

## II. Analysis and Findings

In their Response [DE 36, p. 2], Defense Counsel state that Christopher E. Knight, Esq., had no role whatsoever in the drafting or filing of the Response to Plaintiff's Motion to Disqualify Counsel and Revoke Pro Hac Vice Admission [DE 25]. Therefore, the Court finds that Mr. Knight is blameless and is not subject to any sanctions.

Defense Counsel further explain that Alexandra L. Tifford, Esq., reviewed the Response to Plaintiff's Motion to Disqualify Counsel and Revoke Pro Hac Vice Admission [DE 25] and electronically signed it, but conducted no independent research and made no real substantive changes to the document. [DE 36, pp. 1-2]. While Ms. Tifford had an obligation to more closely review the document before she signed it and filed it, the Court finds that Ms. Tifford is not to blame for researching the legal issues and drafting the frivolous, improper or misleading arguments. Therefore, Ms. Tifford is not subject to any sanctions.

Finally, Defense Counsel state in their response that *pro hac vice* counsel Michael Merar, Esq., drafted the Response to Plaintiff's Motion to Disqualify Counsel and Revoke Pro Hac Vice

2

Admission [DE 25]. [DE 36, p. 1]. Mr. Merar apologizes for asserting certain incorrect arguments, and he also represents that he "did not knowingly or recklessly pursue any frivolous arguments, and therefore, did not engage in the requisite bad faith conduct warranting the imposition of sanctions." *Id.* Mr. Merar correctly acknowledged his errors and promised that they would not be repeated. The Court finds that Mr. Merar is responsible for the erroneous, misleading, or frivolous arguments at issue. However, the Court will not, at this juncture, impose any sanctions against Mr. Merar as the Court believes that Mr. Merar will not repeat such conduct in this case.

### III.     Conclusion

The Court has carefully reviewed the Response and the entire docket in this case. The Court accepts Defense Counsel's representations about each attorney's involvement in drafting and filing the Response to Plaintiff's Motion to Disqualify Counsel and Revoke Pro Hac Vice Admission [DE 25]. The Court also accepts Mr. Merar's representation that he did not act in bad faith in asserting the improper arguments. While Mr. Merar should have been more thorough in his research, and while he should not have asserted the frivolous, misleading, or improper arguments referenced in the Court's Order to Show Cause, the Court accepts Mr. Merar's apology and promise not to repeat such conduct in the future. Based on these representations, the Court will discharge the Order to Show Cause and will not impose any sanctions against Mr. Merar or against any of the Defense Counsel at this time. However, Defense Counsel are hereby warned that the Court will not tolerate such careless, frivolous, or improper arguments in any future filings. All papers filed in this case must be thoroughly researched and must contain good-faith arguments. *See* Fed. R. Civ. P. 11.

Moreover, Michael Merar, Esq., as counsel admitted *pro hac vice*, is reminded that he is a guest in this court and that he is required to abide by all ethical and professional rules, including

3

our Local Rules. The Court expects no more such issues to arise in this case.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The Court's Order to Show Cause [DE 32] is **DISCHARGED**. The Court declines to impose sanctions against any Defense Counsel at this time.

2. The Clerk of Court is DIRECTED to mail a copy of this Order to Jelena Stolfat, Apt. 103, 265 Courtney Lakes Circle, West Palm Beach, Florida 33401.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of June, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE