UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-80428-CV-Dimitrouleas/Matthewman

JELENA STOLFAT,

    Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC,
*et al.*,

    Defendants.

_____/

FILED BY _____ D.C.

AUG 12 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENAS [DE 47]

**THIS CAUSE** is before the Court upon Plaintiff, Jelena Stolfat's ("Plaintiff") Motion to Quash Subpoenas Served by Defendant TransUnion, LLC ("Motion") [DE 47]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas. *See* DE 39.

### I.    Background

Immediately after Plaintiff's Motion was filed on July 29, 2019, the Court entered an Order [DE 48], requiring that the six subpoenaed non-parties—Synchrony Bank, Comenity Capital Bank, Bank of America, Citibank, N.A., Toyota Motor Credit Corporation, and Midland Credit Management—refrain from producing any documents in response to the subpoenas issued by Defendant in this case until Plaintiff's Motion had been fully briefed and the Court had had the opportunity to rule on the Motion. The Court explicitly stayed any production pursuant to the subpoenas pending further Court Order. *Id.* at p. 1. The Court also required that, if Defendant or Defendant's counsel received any documents responsive to the six subpoenas, they refrain from reviewing the documents until the Court entered a further Order on the matter. *Id.* at pp. 1-2.

1

Thereafter, Defendant filed a Notice of Compliance [DE 49]. In that Notice, Defendant explained that it had sent a copy of the Court's July 29, 2019 Order to all of the non-parties except for Toyota Motor Credit Corporation. *Id.* at p. 1. Defendant explained that, prior to Plaintiff filing her Motion, Defendant had received responsive documents from Toyota Motor Credit Corporation. *Id.* Defendant represented that, though its counsel had already briefly glanced at those documents, Defendant would "refrain from any further and detailed review of these documents pending the Court's ruling on Plaintiff's Motion to Quash." *Id.* at p. 2.

## II.   The Subpoenas at Issue

The subpoenas issued by Defendant to Synchrony Bank, Comenity Capital Bank, Bank of America, Citibank, N.A., Toyota Motor Credit Corporation, and Midland Credit Management all request all documents, all computer files, and all paper files regarding Plaintiff's account with the various institutions. [DE 47]. The information sought includes "credit summaries, credit scores, interest rates, account histories, credit or loan applications, account statements, loan documents, promissory notes, extensions of credit, denials of credit, increases or decreases of credit limit, changes of interest rates, credit reports, contracts, agreements, letters, correspondence, disputes", as well as other related documents. *Id.*

## III.   Motion, Response, and Reply

In her Motion, Plaintiff asserts that the six subpoenas issued to the non-parties seek irrelevant information and are solely meant to harass Plaintiff. [DE 47, p. 1]. Plaintiff argues that she has standing to challenge the subpoenas because the subpoenas seek her private information. *Id.* at p. 2. Next, Plaintiff appears to argue that the subpoenas are overly broad. *Id.* at p. 4. She also contends that the creditor records and financial records sought by Defendant have no bearing on

2

the lawsuit. *Id.* According to Plaintiff, because the subpoenas seek only irrelevant information, the subpoenas are an attempt by Defendant to intimidate Plaintiff. *Id.* at p. 5. Finally, Plaintiff seeks an award of sanctions pursuant to section 57.105, Florida Statutes and requests that the Court refer the matter to the Federal Trade Commission or require Defendant to provide a "copy of Identity Theft Report and/or Police Report." *Id.*

In response, Defendant asserts that the subpoenas are relevant because Plaintiff alleges in her Complaint that Defendant violated the Fair Credit Reporting Act by placing an erroneous Fraud Alert on her credit file. [DE 50, p. 3]. Defendant contends that Plaintiff's credit file contains, in addition to the Fraud Alert, six derogatory accounts. *Id.* According to Defendant, Plaintiff carries the burden to prove "it was this allegedly inaccurate Fraud Alert, and not the six (6) derogatory accounts, or other adverse information, that was the cause of her alleged damages." *Id.* Defendant is seeking the subpoenaed information in order to rebut Plaintiff's "argument the Fraud Alert was a 'substantial factor' in her alleged damages." *Id.* at p. 4. Furthermore, Defendant asserts that Plaintiff put at issue her accounts with Synchrony Bank and Midland Funding by requesting information related to those entities in her requests for production served on Defendant. *Id.* Finally, Defendant maintains that Plaintiff's request for sanctions must be denied because Plaintiff did not provide Defendant with the 21-day safe harbor provision, as required. *Id.* at pp. 4-5.

Attached to Defendant's Response is the Declaration of Michael Merar, Esq. [DE 50-1]. Mr. Merar represents Defendant in this case, and he is the individual who directed that the subpoenas be served on the six non-parties. *Id.* at pp. 1-2. Mr. Merar avers that he received correspondence from Plaintiff on July 22, 2019, which stated that Plaintiff would not agree to the "accuracy of accounts and other information appearing on her Trans Union credit file." *Id.* at p. 2. Mr. Merar also states that Plaintiff never properly conferred with him before filing her Motion and

3

that Plaintiff never gave him the opportunity to address or cure her request for sanctions. *Id.*

In reply, Plaintiff again asserts that she did not violate the Court's Order Setting Discovery Procedure because she emailed Defendant's counsel stating that she would be filing a motion to quash soon, and Defendant's counsel failed to reply to the email within seven days. [DE 51, pp. 1-2]. Plaintiff also argues that the subpoenas seek information that is not relevant and that the only relevant issues in this case are identity theft prevention, extended fraud alerts, and active duty alerts. *Id.* at p. 2. Finally, Plaintiff contends that Defendant objected to the requests for production involving Synchrony Bank and Midland Funding that she propounded to Defendant in part on relevance grounds, so Defendant cannot now claim the information is, in fact, relevant. *Id.* at pp. 4-5.

## IV.   Relevant Case Law

"Rule 45 subpoenas are subject to the same relevancy test imposed on discovery demands made pursuant to Rule 26." *Malhomme v. Benet*, No. 16-81989-CIV, 2017 WL 7794293, at *1 (S.D. Fla. Apr. 13, 2017) (citing *Liles v. Stuart Weitzman, LLC*, No. 09-cv-61448, 2010 WL 1839229, at *2 (S.D. Fla. May 6, 2010)). Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, and whether the burden of the discovery outweighs the likely benefit. It is well established that the courts must employ a liberal standard in keeping with the purpose of the discovery rules. Fed. R. Civ. P. 26(b)(1). However, Rule 26(b) allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, 15–2599–MD–Moreno, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting

4

Chief Justice John Roberts, 2075 *Year–End Report on the Federal Judiciary 6* (2015)); *Reuter v. Physicians Cas. Risk Retention Group*, No. 16-80581-CV, 2017 WL 395242, (S.D. Fla. 2017). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, Case No. 6:15-cv-1701-ORL-41TBS, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016).

"The respondent bears the burden of establishing a lack of relevancy or some other basis for resisting production." *Glatter v. MSC Cruises S.A.*, No. 18-62219-CIV, 2019 WL 1300896, at *2 (S.D. Fla. Feb. 7, 2019); *see also Broadbandone, Inc. v. Host.net, Inc.*, No. 12-80604-CIV, 2013 WL 12096358, at *1 (S.D. Fla. May 30, 2013); *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV-Gold, 2001 WL 34079319, *2 (S.D. Fla. Nov. 1, 2001). In other words, the respondent "must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure." *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1526649, at *2 (S.D. Fla. May 22, 2007) (citing *Giardina v. Lockheed Martin Corp.*, No. Civ. A. 02-1030, 2003 WL 21276348 (E.D. La. May 30, 2003); *Gober v. City of Leesburg*, 197 F.R.D. 519 (M.D. Fla. 2000)).

## V. <u>Analysis</u>

The Court has carefully reviewed the Motion, Response, Reply, Declaration, and the subpoenas at issue, as well as the entire docket in this case and finds that the Motion is due to be denied both on the merits and because Plaintiff failed to sufficiently confer with Defendant prior to filing the Motion. As to Plaintiff's failure to personally confer, after she received the proposed subpoenas, Plaintiff sent an email to Defendant's counsel which stated "[a]ll subpoenas provided

5

by Transunion are not relating to Plaintiff [sic] Complaint [Dkt. 1]. The Plaintiff [sic] Motion to Quash Subpoenas coming soon." [DE 50-4]. Plaintiff claims that, when she did not receive a response to her email within seven days, she filed her Motion, and that this is sufficient conferral. [DE 51, pp. 1-2]. The Court disagrees. The Court's Order Setting Discovery Procedure [DE 40] requires conferral either in person or via telephone and explicitly states that "[e]mail correspondence alone does not constitute a sufficient conferral." *Id.* at p. 1. Additionally, Plaintiff failed to include a Certificate of Conferral at the end of the motion as required by Local Rule 7.3(a)(3).

Next, with regard to the substantive arguments made by the parties, the relevant case law establishes that, "[t]o establish a *prima facie* violation of § 1681e(b), a consumer must present evidence that (1) a credit reporting agency's report was inaccurate and (2) that the inaccurate report was a causal factor in the denial of his credit application." *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009) (citing *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156, 1161 (11th Cir.1991)). "It is well established that a plaintiff suing under the FCRA shoulders the burden of demonstrating the existence of damages resulting from an alleged FCRA violation." *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1262–63 (S.D. Fla. 2009).

In Defendant's April 30, 2019 Answer and Defenses to Plaintiff's Complaint [DE 12], Defendant specifically listed the following affirmative defense: "Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility." *Id.* at p. 3. Defendant also listed as an affirmative defense: "Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause." *Id.* at p. 4.

In light of the above case law and Defendant's affirmative defenses, information regarding Plaintiff's six (6) allegedly derogatory accounts is clearly relevant and proportional. Defendant must be able to obtain discovery that supports its defense that the Fraud Alert at issue was not a substantial factor in her alleged damages. Plaintiff's objections to the discovery sought by Defendant are without merit.

## VI. Conclusion

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion to Quash Subpoenas Served by Defendant TransUnion, LLC is **DENIED** in its entirety. Plaintiff failed to properly and personally confer before filing the Motion, and the six subpoenas at issue are proper and seek relevant and proportional information under Rule 26(b)(1). Therefore, the six non-parties, Synchrony Bank, Comenity Capital Bank, Bank of America, Citibank, N.A., Toyota Motor Credit Corporation, and Midland Credit Management, are required to produce the documents requested in the subpoenas, to the extent they have not already done so. The documents and information produced pursuant to the subpoenas shall be kept confidential by Defendant and shall only be used in the instant litigation. Defendant shall promptly provide to Plaintiff copies of the documents Defendant receives in response to the six subpoenas. Plaintiff's request for sanctions is also DENIED. Furthermore, in the future, the parties shall comply with Rule 26(b)(1), the Local Rules of this Court, and the Court's Order Setting Discovery Procedure [DE 40] before filing any further discovery motions.

Defendant is **ORDERED** to serve a copy of this Order on the subpoenaed parties and file proof of service with the Court.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiff, Jelena Stolfat, at 265 Courtney Lakes Circle, Apt. 103, West Palm Beach, FL 33401.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of August, 2019.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE